IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


JASON LINDLEY SEARS                                                    PLAINTIFF

              v.                        Civil No. 13-3046

SHERIFF BOB GRUDER[1], Carroll
County, Arkansas; SGT. SNYDER;
and LT. ROUSEY                                                        DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 28 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Plaintiff is incarcerated in the Carroll County Detention Center (CCDC).

The case is currently before me on a motion to dismiss filed by the Defendants (Doc. 9). Plaintiff has not responded to the motion to dismiss.

**1. Background**

According to the allegations of the complaint, Plaintiff's mail has been held "for a week or more at a time." (Doc. 2). Plaintiff has attached to his complaint a grievance dated February 23, 2013. In the grievance he complains that he did not receive a letter until February 22nd that he should have received on February 15th. He also states that his family reported that they have not received letters he has written. He asks whether his mail is being sent out. In response, Plaintiff was told that his mail was not being held. Plaintiff attaches a mail log indicating he received twenty

---

[1] Plaintiff has filed a motion to correct the spelling of the Sheriff's name (Doc. 11). He indicates it is Grudek. By separate order, this motion will be granted.

items of personal mail and one item of legal mail between January 15th and March 25th.

On another sheet attached to the complaint, Plaintiff asks if he has to pay to see the doctor, the dentist, for medication, and for hygiene materials.  Since he was Arkansas Department of Correction inmate, he thought this all should have been paid.

As relief, Plaintiff asks that he be transferred back to prison and that the people responsible be made to clean up their act.

### 2.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3.  Discussion

Defendants maintain they are entitled to dismissal of the complaint because no claim of

constitutional dimension has been stated.  Further, they point out that the complaint alleges no personal involvement on their part and fails to allege the existence of an unconstitutional policy, custom, or practice.

I agree, while inmates have a First Amendment right of free speech to send and receive mail, short delays with respect to either outgoing or incoming mail do not violate the First Amendment. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984);*Smith v. Delo*, 995 F.2d 827, 830-31 (8th Cir. 1993)(policy requiring non-privileged mail to be unsealed so that it could be inspected for contraband and proper addressing not violative of the constitution); *Harris v. Bolin*, 950 F.2d 547, 550 (8th Cir. 1991)(policy of screening mail not violative of the First Amendment rights of prisoners); *United States v. Baumgarten*, 517 F.2d 1020, 1028 (8th Cir. 1975)(screening procedure that called for jailor to read letters was permissible if done pursuant to a custom, practice, or regulation that was reasonably related to the maintenance of jail security).  Similarly, an isolated instance of outgoing mail not arriving at its destination is insufficient.

Here, Plaintiff has not suggested there was any ongoing practice of censorship or that the application of any policy resulted in the alleged interference.  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)(Plaintiff must show regular and unjustifiable interference--an isolated incident of mail tampering is usually insufficient to establish a constitutional violation).  He has not alleged a pattern of interference with his mail.  This is insufficient.

Moreover, Plaintiff does not allege that any of the named Defendants were involved in the mail distribution process, were present on any of these occasions, or were in any other way directly responsible for the alleged constitutional violations.  *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(claim not cognizable under § 1983 because plaintiff did not allege defendant was

personally involved in or had direct responsibility for incidents that injured him). There is simply no basis for any individual capacity claims against the Defendants.

An official capacity claim "is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claims are treated as claims against Carroll County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"A municipality can be liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a federal right." *Alexander v. Hedback*, 718 F.3d 762, 766 (8th Cir. 2013)(citations omitted). "[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff has not alleged that the alleged constitutional deprivations were caused by any policy, practice, or custom of Carroll County. This is fatal to his official capacity claims.

Finally, Plaintiff has attached to his complaint a question about the propriety of his being charged for medical visits, medication, and personal hygiene items. It is not clear that Plaintiff even intended for this to be part of his complaint. However, if he did, the claim is without merit.

The clearly established law is that if a prisoner is able to pay for medical care, requiring such payment is not deliberate indifference to serious medical needs. *Helling v. McKinney,* 509 U.S. 25, 32 (1973). Instead, such a requirement simply represents an insistence that the prisoner bear a personal expense that he or she can meet and would be required to meet in the outside world. *See, e.g., Shapley v. Nevada Bd. of State Prison Commissioners,* 766 F.2d 404, 408 (9th Cir.1985) (nothing per se unconstitutional about charging an inmate $3 for every medical visit; such a charge,

by itself, did not constitute deliberate indifference under *Estelle* ).   Similarly, inmates may be charged for hygiene items and it is only when there are repeated deprivations of adequate hygiene supplies that the constitution is violated.   *See e.g., Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).   No such allegations are made here.

### 4.  Conclusion

For the reasons stated, I recommend that the Defendants' motion to dismiss (Doc. 9) be granted on the grounds the claims asserted are frivolous or fail to state claims upon which relief may be granted.   Dismissal of this case will constitute a strike for purposes of 28 U.S.C. § 1915 and the Clerk should be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of October 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-5-